TRINA A. HIGGINS, United States Attorney (#7349)
JAMIE Z. THOMAS, Assistant United States Attorney (#9420)
STEPHEN L. NELSON, Assistant United States Attorney (#9547)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED US District Court-UT
JUL 06 '22 PM02:01

SEALED

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER PHAM,<br>CORDERO CURTIS,<br>BRANDEN RORDAME, and<br>CARLOS GUZMAN,<br><br>Defendants. | Case No. 2:22-CR-00224 HCN<br><br>SUPERSEDING INDICTMENT<br><br>COUNT 1: Conspiracy to Distribute Marijuana and Tetrahydrocannabinols (21 U.S.C. §§ 846 and 841(a)(1))<br><br>COUNT 2: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h))<br><br>COUNT 3: Conspiracy to Distribute Marijuana and Tetrahydrocannabinols (21 U.S.C. §§ 846 and 841(a)(1))<br><br>COUNT 4: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)) |

The Grand Jury Charges:

**COUNT 1**
**21 U.S.C. §§ 846, 841(a)(1)**
**(Conspiracy to Distribute Marijuana and Tetrahydrocannabinols)**

Beginning on a date unknown to the Grand Jury, but not later than October 2017, and continuing through at least January 14, 2022, within the District of Utah and elsewhere,

**PETER PHAM,**
**CORDERO CURTIS**, and
**BRANDEN RORDAME,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to distribute 1,000 kilograms or more of marijuana and tetrahydrocannabinols, as defined in 21 U.S.C. § 802(16), both Schedule I controlled substances within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and punishable pursuant to 21 U.S.C. § 841(b)(1)(A).

**COUNT 2**
**18 U.S.C. § 1956(h)**
**(Conspiracy to Commit Money Laundering)**

Beginning on a date unknown to the Grand Jury, but not later than October 2017, and continuing through at least January 14, 2022, within the District of Utah and elsewhere,

**PETER PHAM** and
**CORDERO CURTIS,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to commit the following offenses against the United States of America in violation of 18 U.S.C. § 1956:

(a) to knowingly conduct and attempt to conduct financial transactions, such as the purchase and distribution of marijuana and tetrahydrocannabinols, bank transactions, credit card transactions, peer-to-peer payments, wire transfers, payment of shipping expenses, vehicle purchases, and payments to individuals, which involved the proceeds of specified unlawful activity, specifically,

i. the illegal purchase and distribution of marijuana and tetrahydrocannabinols, in violation of 21 U.S.C. §§ 846, 841(a)(l);

with the intent to promote the carrying on of specified unlawful activity, outlined in (i) above, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(l)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions, such as the purchase and distribution of marijuana and tetrahydrocannabinols, bank transactions, credit card transactions, peer-to-peer payments, wire transfers, payment of shipping expenses, vehicle purchases, and payments to individuals, which involved the proceeds of specified unlawful activity, specifically,

i. the illegal purchase and distribution of marijuana and tetrahydrocannabinols, in violation of 21 U.S.C. §§ 846, 841(a)(l);

knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(l)(B)(i); and

(c) knowingly engaged in a monetary transaction involving funds that were the proceeds of criminally derived property in excess of $10,000, to wit: the co-conspirators transferred $32,000 from Capital One account# XX3309 to Capital One account# XX7510, deposited approximately $31,900, $20,015, and $16,525 in cash into JPMorgan Chase account # XX9758 on July 28, 2020, August 11, 2020, and August

24, 2020 respectively, and were derived from a specified unlawful activity, specifically,

i. the illegal purchase and distribution of marijuana and tetrahydrocannabinols, in violation of 21 U.S.C. §§ 846 and 841(a)(l);

**COUNT 3**
**21 U.S.C. §§ 846, 841(a)(1)**
**(Conspiracy to Distribute Marijuana and Tetrahydrocannabinols)**

Beginning on a date unknown to the Grand Jury, but not later than October 2019, and continuing through at least March 11, 2022, within the District of Utah and elsewhere,

**CORDERO CURTIS** and
**BRANDEN RORDAME,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to distribute marijuana and tetrahydrocannabinols, as defined in 21 U.S.C. § 802(16), both Schedule I controlled substances within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and punishable pursuant to 21 U.S.C. § 841(b)(1)(D).

**COUNT 4**
**18 U.S.C. § 1956(h)**
**(Conspiracy to Commit Money Laundering)**

Beginning on a date unknown to the Grand Jury, but not later than October 2019, and continuing through at least March 11, 2022, within the District of Utah and elsewhere,

**CORDERO CURTIS** and
**CARLOS GUZMAN,**

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to commit the following offenses against the United States of America in violation of 18 U.S.C. § 1956:

(d) to knowingly conduct and attempt to conduct financial transactions, such as the purchase and distribution of marijuana and tetrahydrocannabinols, bank transactions, credit card transactions, peer-to-peer payments, vehicle purchases, and payments to individuals, which involved the proceeds of specified unlawful activity, specifically,

i. the illegal purchase and distribution of marijuana and tetrahydrocannabinols, in violation of 21 U.S.C. §§ 846 and 841(a)(l);

with the intent to promote the carrying on of specified unlawful activity, outlined in (i) above, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(l)(A)(i); and

(e) to knowingly conduct and attempt to conduct financial transactions, such as the purchase and distribution of marijuana and tetrahydrocannabinols, bank transactions, credit card transactions, peer-to-peer payments, vehicle purchases, and payments to individuals, which involved the proceeds of specified unlawful activity, specifically,

ii. the illegal purchase and distribution of marijuana and tetrahydrocannabinols, in violation of 21 U.S.C. §§ 846, 841(a)(l);

knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions,

knew that the property involved in the transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(l)(B)(i); and

(f) knowingly engaged in a monetary transaction involving funds that were the proceeds of criminally derived property in excess of $10,000, to wit: the transferred ownership and trade-in of vehicles on or about June 16, 2021, October 2, 2021 and December 22, 2021, and the wire transfer of $46,886.63 on March 10, 2022 to Fortis Private Bank account# XX2712 on behalf of Vanguard Insurance Agency, LLC, and were derived from a specified unlawful activity, specifically,

iii. the illegal purchase and distribution of marijuana and tetrahydrocannabinols, in violation of 21 U.S.C. §§ 846, 841(a)(l);

all of which was done in violation of 18 U.S.C. § 1956(h); and punishable pursuant to 18 U.S.C. § 1956(a)(1).

**NOTICE OF INTENT TO SEEK FORFEITURE**

Pursuant to 21 U.S.C. § 853, upon conviction of any offense violating 21 U.S.C. §§ 841 and/or 846, as set forth in this indictment, the defendant shall forfeit to the United States of America property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

- 2021 BMW M4 with VIN# WBS33AZ06MCG62274
- 11103 South Lake Run Road, South Jordan, UT 84095

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1956(h), the defendants shall forfeit to the United States of America any property, real or personal, involved in the money laundering conspiracy, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

- 2021 BMW M4 with VIN# WBS33AZ06MCG62274
- 11103 South Lake Run Road, South Jordan, UT 84095

A TRUE BILL:

/s/

FOREPERSON OF GRAND JURY

TRINA A. HIGGINS
United States Attorney

Jamie Thomas

JAMIE Z. THOMAS
Assistant United States Attorney